UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| HAROLD TINEYBEY et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 11-CV-3382 |
| ) | |
| MICHELLE R.B. SADDLER et al., ) | |
| ) | |
| Defendants. ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This case was severed from the plaintiffs proceeding in <u>Smego v. Aramark</u>, 10-cv-3334, after the plaintiffs in this case objected to having Mr. Smego appointed as their spokesperson. The plaintiffs in this case were then directed to file an amended complaint, which they have done. The case is set for a hearing to review the amended complaint, but the hearing will be cancelled as unnecessary.

Plaintiff's amended complaint challenges the "mechanically separated chicken" served at the facility, which they allege causes them

1

"stomach cramps, vomit[ing], and diarrhea." (Complaint, p. 4). They also allege that food is served cold and that milk is served at room temperature.

After Plaintiffs were severed from the <u>Smego</u> case, this Court found pro bono counsel to represent the original plaintiffs in the <u>Smego</u> case. The other plaintiffs in the <u>Smego</u> case were then severed back into their own original cases, and those cases were stayed until the <u>Smego</u> case is resolved, because resolution of the <u>Smego</u> case might moot or modify the rest of the plaintiffs' claims. For the same reasons, a stay will be entered in this case on Plaintiff's claims regarding the mechanically separated chicken and the alleged unsanitary food service.

Plaintiffs in this case also appear to pursue a claim that they have been refused a religious diet. They appear to allege that their Islamic religion requires them to abstain from eating pork and to eat only food prepared in strict compliance with the Islamic religion. They appear to contend that their food is not prepared according to these rules.

However, Plaintiffs' current allegations are too vague to infer a

2

plausible claim regarding their religious diet. Plaintiffs do not explain how the preparation of their food violated their religious tenets. Nor do they explain what they did to inform each Defendant of these violations, how each Defendant responded, or how each Defendant is personally responsible for the deprivation. Accordingly, the religious diet claim will be dismissed, without prejudice to refiling an amended complaint.

IT IS THEREFORE ORDERED:

1) Plaintiffs' claims regarding the mechanically separated chicken and the food service are stayed, pending resolution of <u>Smego v. Aramark</u>, 10-3334, because resolution of the <u>Smego</u> case may moot or modify these claims.

2) Plaintiffs' claims about their religious diet are dismissed without prejudice to filing an amended complaint. If Plaintiffs seek to pursue their religious diet claims in this case, they must file an amended complaint by February 14, 2012. The amended complaint must explain how the food preparation violates their religion; what actions they took to inform each Defendant of these alleged violations; each Defendant's

3

response; and, each Defendant's participation in the alleged violations.

3) The hearing scheduled for January 30, 2012, is cancelled. The clerk is directed to notify the facility of the cancellation.

4) Defendant Simpson's motion to be dismissed is denied as moot (d/e 19). Defendant Simpson has been terminated as a defendant.

5) Plaintiffs' motion for a temporary restraining order to stop the serving of mechanically separated chicken is denied (d/e 21), subject to renewal after the resolution of the Smego case.

ENTERED: January 25, 2012

FOR THE COURT:

                            s/Sue E. Myerscough
                             SUE E. MYERSCOUGH
                      UNITED STATES DISTRICT JUDGE